# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JAYSHON MOORE,<br><br>    Defendant. | Case No. 3:20-cr-00029-SLG |

## ORDER REGARDING MOTIONS TO EXCLUDE EXPERT WITNESS TESTIMONY

Before the Court are two motions to exclude proposed expert witness testimony. At Docket 128 is defendant Jayshon Moore's Motion in Limine Regarding the Government's Proposed Expert Witness Testimony. The government responded in opposition at Docket 134. At Docket 132 is the government's Motion in Limine to Exclude Expert Testimony. Mr. Moore responded in opposition at Docket 140.

Mr. Moore is charged with Production of Child Pornography (18 U.S.C. § 2251(a), (e)); Possession of Child Pornography (18 U.S.C. § 2252A(a)(5)(B), (b)(2)); and Sex Trafficking of a Minor (18 U.S.C. § 1591(a)(1)).[1] The charges stem from allegations that Mr. Moore initiated a sexual relationship with the alleged

---

[1] Docket 2 (Indictment).

victim when she was 15 years old, took sexual photographs of himself and the alleged victim, and engaged in sex trafficking of the alleged victim by causing her to engage in prostitution.

## I.  Legal standards

Before a witness may testify as an expert, a district court must make three express findings.  First, the court must find that the proposed witness is qualified to offer expert testimony.  Second, the court must find that the witness has applied reliable principles.  Third, the court must find that the witness's testimony may help the jury understand evidence or determine a fact at issue in the case.  So long as an expert meets these threshold considerations, the expert may testify; it is up to the jury to determine the weight to give that testimony.[2]  "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion."[3]  The proponent of the expert testimony bears the burden of establishing its admissibility by a preponderance of the evidence.[4]

Federal Rule of Evidence 702 provides that a person "qualified as an expert by knowledge, skill, experience, training or education" may provide expert

---

[2] *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010), *as amended* Apr. 27, 2010.

[3] *Id.* (citing *Daubert v. Merrell Dow Pharmaeuticals, Inc* (*Daubert I*), 509 U.S. 579, 596 (1993)).

[4] *Daubert I*, 509 U.S. at 592 n. 10; *Lust v. Merrell Dow Pharmaceuticals, Inc.*, 89 F.3d 594, 598 (9th Cir.1996).

Case No. 3:20-cr-00029-SLG, *United States v. Moore*
Order Re Motions to Exclude Expert Witness Testimony
Page 2 of 12
Case 3:20-cr-00029-SLG-MMS   Document 154   Filed 03/21/22   Page 2 of 12

testimony if he or she has "scientific, technical, or other specialized knowledge."[5] That knowledge must "help the trier of fact to understand the evidence or determine a fact in issue"[6]—this requirement "goes primarily to relevance."[7]

Expert testimony must be reliable. That means it must be "based on sufficient facts or data," but this factor focuses "on foundation, not corroboration."[8] The testimony must also be "the product of reliable principles and methods," and the principles and methods must have been reliably applied to the facts of the case.[9] "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered."[10] However, "Rule 702 does not license a court to engage in freeform factfinding, to select between competing versions of the evidence, or to determine the veracity of the expert's conclusions at the admissibility stage."[11]

---

[5] Fed. R. Evid. 702(a).

[6] Fed. R. Evid. 702(a).

[7] *Primiano*, 598 F.3d at 564 (citing *Daubert I*, 509 U.S. at 591.

[8] *Elosu v. Middlefork Ranch, Inc.*, __ F.4th __, 2022 WL 534345, at *7 (9th Cir. Feb. 23, 2022).

[9] Fed. R. Evid. 702(b), (c), (d).

[10] *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

[11] *Elosu*, 2022 WL 534345, at *7.

Case No. 3:20-cr-00029-SLG, *United States v. Moore*
Order Re Motions to Exclude Expert Witness Testimony
Page 3 of 12
Case 3:20-cr-00029-SLG-MMS   Document 154   Filed 03/21/22   Page 3 of 12

The reliability requirement analyzes "whether the reasoning or methodology underlying the testimony is scientifically valid."[12] The Supreme Court has identified four factors that bear on this analysis: (1) whether the theory can be and has been tested, (2) whether the theory has been peer reviewed and published, (3) what the theory's known or potential error rate is, and (4) whether the theory enjoys general acceptance in the applicable scientific community.[13] This same framework applies to both scientific and non-scientific opinion testimony.[14] However, this "list of specific factors neither necessarily nor exclusively applies to all experts or in every case"; it "was meant to be helpful, not definitive[.]"[15] Depending on the type of expertise and particular subject of the testimony, these factors may or may not assist in assessing reliability.[16] A district court may choose not to examine factors that are not "reasonable measures of reliability in a particular case."[17] "[T]he trial court has discretion to decide how to test an expert's reliability as well as whether

---

[12] *Daubert I*, 509 U.S. at 592–93.

[13] *Id.* at 593–94.

[14] *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); *see also White v. Ford Motor Co.*, 312 F.3d 998, 1007 (9th Cir. 2002) ("*Daubert* and *Kumho Tire* did indeed require that the judge apply his gatekeeping role under Daubert to all forms of expert testimony, not just scientific testimony.").

[15] *Primiano*, 598 F.3d at 564 (citing *Kumho Tire Co.*, 526 U.S. at 151).

[16] *Id.* at 565 (quoting *United States v. Sandoval-Mendoza*, 472 F.3d 645, 654 (9th Cir. 2006)).

[17] *Murray v. Southern Route Maritime SA*, 870 F.3d 915, 922–23 (9th Cir. 2017).

Case No. 3:20-cr-00029-SLG, *United States v. Moore*
Order Re Motions to Exclude Expert Witness Testimony
Page 4 of 12
Case 3:20-cr-00029-SLG-MMS   Document 154   Filed 03/21/22   Page 4 of 12

the testimony is reliable, based on the particular circumstances of the particular case."[18]

Expert testimony must also be relevant and "fit" an issue in the case. Relevancy "simply requires that '[t]he evidence . . . logically advance a material aspect of the party's case.'"[19] The testimony does not have to be persuasive in order to be relevant.[20] However, the "fit" requirement is not merely a reiteration of the general relevancy requirement under Federal Rule of Evidence 402:[21] "[T]he standard for fit is higher than bare relevance."[22] Scientific expert testimony introduces special dangers to the fact-finding process because it "can be both powerful and quite misleading because of the difficulty in evaluating it."[23] Therefore, courts must ensure that proffered expert testimony speaks clearly and directly to an issue in dispute in the case and that it will not mislead the jury.[24]

---

[18] *Primiano*, 598 F.3d at 564 (citing *Kumho Tire Co.*, 526 U.S. at 150, 152); *see also United States v. Hall*, 93 F.3d 1337, 1342 (7th Cir. 1996) ("Social science in general, and psychological evidence in particular, have posed both analytical and practical difficulties for courts attempting to apply Rule 702 and *Daubert.*").

[19] *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) (quoting *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007) (alterations in *Barabin*).

[20] *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011) ("*Daubert* does not require a court to admit or to exclude evidence based on its persuasiveness; rather it requires a court to admit or exclude evidence based on its scientific reliability and relevance.").

[21] *Daubert v. Merrell Dow Pharaceuticals, Inc.* (*Daubert II*), 43 F.3d 1311, 1321 n. 17 (9th Cir. 1995).

[22] *In re Paoli R.R. Yard PCB Lit.,* 35 F.3d 717, 745 (3d Cir. 1994).

[23] *Daubert I*, 509 U.S. at 595 (internal quotation marks and citation omitted).

[24] *Daubert II*, 43 F.3d at 1321.

Case No. 3:20-cr-00029-SLG, *United States v. Moore*
Order Re Motions to Exclude Expert Witness Testimony
Page 5 of 12
Case 3:20-cr-00029-SLG-MMS   Document 154   Filed 03/21/22   Page 5 of 12

Even though "district courts are not required to consider all (or even any) of [the *Daubert I*] factors . . . [they] do not have 'discretion to abandon the gatekeeping function' altogether."[25] In exercising the gatekeeping function, district courts must assess the validity or methodology of proposed expert testimony and must explicitly find it to be both relevant and reliable before admitting the testimony.[26] However, the Ninth Circuit has recently "cautioned that the district court is a 'gatekeeper, not a fact finder,'" and "it may not weigh the expert's conclusions or assume a factfinding role."[27]

## II. Government witness James Hardie

Mr. Moore challenges one government expert, FBI Supervisory Special Agent James Hardie. The government seeks to admit Agent Hardie as an expert on sex trafficking, including "how traffickers identify and groom minors to engage in commercial sex acts," "how sex trafficking victims may present to law

---

[25] *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1189 (9th Cir. 2019) (quoting *Kumho Tire*, 526 U.S. at 158–59).

[26] *Id.* at 1189–90.

[27] *Elosu v. Middlefork Ranch, Inc.*, __ F.4th __, 2022 WL 534345, at *2 (9th Cir. Feb. 23, 2022) (quoting *Primiano v. Cook*, 598 F.3d 558, 568 (9th Cir. 2010)).

Case No. 3:20-cr-00029-SLG, *United States v. Moore*
Order Re Motions to Exclude Expert Witness Testimony
Page 6 of 12
Case 3:20-cr-00029-SLG-MMS   Document 154   Filed 03/21/22   Page 6 of 12

enforcement," and background information on jargon used in sex trafficking and prostitution.[28]

Mr. Moore does not contend that SSA Hardie is not qualified as an expert or that specialized jargon cannot be the subject of expert testimony. Instead, Mr. Moore asserts that SSA Hardie's testimony as to specialized vocabulary used in prostitution and sex trafficking is conditionally relevant and should not be admitted "until such specialized vocabulary [is] entered into evidence . . . along with . . . evidence linking the Defendant to sex trafficking."[29] Mr. Moore contends that "the admissible evidence will not include specialized sex-trade jargon," and thus the expert testimony cannot have met the requirement that an expert "has applied the principles and methods reliably *to the facts of the case.*"[30] Mr. Moore also asserts

---

[28] Docket 96 at 2–4 (Amend. Notice of Government Expert).

[29] Docket 128 at 2; *accord* Docket 128 at 3 ("[T]he admission of SSA Hardie's testimony before the government establishes evidence of sex-trafficking is not only speculative, but will unduly influence the jury to believe that sex-trafficking must have occurred.").

[30] Docket 128 at 4 (citing *Davis v. Carroll*, 937 F. Supp. 2d. 390, 412 (S.D.N.Y. 2013) (emphasis in original). Mr. Moore acknowledges that discovery includes a text message sent by the alleged victim that purports to identify her "pimp." Mr. Moore contends that "pimp" is not such a specialized word that a jury needs expert testimony to understand it, and he contends that the text was sent in 2018, prior to the period of time charged in the Indictment. Docket 128 at 5.

Case No. 3:20-cr-00029-SLG, *United States v. Moore*
Order Re Motions to Exclude Expert Witness Testimony
Page 7 of 12
Case 3:20-cr-00029-SLG-MMS    Document 154    Filed 03/21/22    Page 7 of 12

that expert testimony about background information relating to grooming minors should be "subjected to particularized, gate-keeping scrutiny."[31]

The government responds that it intends to call Agent Hardie as one of its first witnesses and that Agent Hardie "is not familiar with the facts of this case and will be providing educational testimony without reaching an opinion about this specific case."[32] The government contends that because Mr. Moore's trial strategy is to undermine the alleged victim's credibility, "expert testimony will help the jury determine whether to believe [the alleged victim's] trial testimony."[33]

As to the conditional relevancy of specialized jargon, the Court agrees with Mr. Moore. Agent Hardie's expert knowledge of terminology used in sex trafficking or prostitution is not relevant unless there will be evidence that the specific terminology has been used in this case. If the terminology was not used in this case, then there is no need for an expert to help the jury understand it.[34] Moreover, expert law enforcement testimony about sex-trafficking jargon or slang that does not appear in other evidence in this case has almost no probative value and thus

---

[31] Docket 128 at 2.

[32] Docket 134 at 2.

[33] Docket 134 at 6.

[34] *See* Fed. R. Evid. 702(a). Even when an expert gives only generalized testimony, Rule 702 still requires that "the testimony address a subject matter on which the factfinder can be assisted by an expert" and "'fit' the facts of the case." Fed. R. Evid. 702, Committee Notes on Rules-2000 Amendment.

Case No. 3:20-cr-00029-SLG, *United States v. Moore*
Order Re Motions to Exclude Expert Witness Testimony
Page 8 of 12
Case 3:20-cr-00029-SLG-MMS   Document 154   Filed 03/21/22   Page 8 of 12

the value of that testimony is substantially outweighed by the risks of unfair prejudice, misleading the jury, and wasting time.[35]

However, a court "may admit the proposed evidence on the condition that the proof be introduced later"[36] and elects to do so here. Agent Hardie may testify about precise terminology *if* the government has a good faith belief that evidence will later be admitted showing that the specific terminology was used in this case. The motion will be granted to preclude testimony about terminology that the government does not expect to show was actually used in this case. In addition, prior to eliciting Mr. Hardie's testimony about terminology, the government need not present evidence "linking the Defendant to sex trafficking," because whether Mr. Moore was connected to sex trafficking is a question for the jury to determine after considering evidence such as the use of specialized terminology.

As to Agent Hardie's proposed testimony as to other background information—such as "the dynamics of sex trafficking" and "the relationship between traffickers and their victims"[37]—the Court finds that that Agent Hardie is qualified in these topics and that his proposed testimony is both relevant and reliable. The Ninth Circuit has held that the relationship between pimps and prostitutes is a relevant subject of expert testimony in a case involving prostitution

---

[35] Fed. R. Evid. 403.

[36] Fed. R. Evid. 104(b).

[37] Docket 134 at 2.

Case No. 3:20-cr-00029-SLG, *United States v. Moore*
Order Re Motions to Exclude Expert Witness Testimony
Page 9 of 12
Case 3:20-cr-00029-SLG-MMS   Document 154   Filed 03/21/22   Page 9 of 12

because "the relationship between prostitutes and pimps is not the subject of common knowledge" and a jury that "is in the dark about that relationship may be unprepared to assess the veracity of an alleged pimp, prostitute, or other witness testifying about prostitution."[38] Expert testimony in this field has also been held to be relevant in child-sex trafficking cases.[39] Agent Hardie shall not give expert testimony about or opine on any specific facts of this case or comment on the credibility of the defendant or of any other witness.

The Court has made a preliminary determination that the probative value of this portion of Agent Hardie's proposed testimony is not substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or the presentation of cumulative evidence.[40] However, this is only a preliminary determination, and the defense may make application to the Court outside the presence of the jury if it has Rule 403 objections to specific testimony.

### III. Defense witness Joshua Michel

The government challenges one defense expert, Mr. Joshua Michel. The defense noticed Mr. Michel as an expert in digital forensic analysis.[41] The

---

[38] *United States v. Taylor*, 239 F.3d 994, 998 (9th Cir. 2001).

[39] *United States v. Brooks*, 610 F.3d 1186, 1196 (9th Cir. 2010).

[40] Fed. R. Evid. 403.

[41] Docket 127.

Case No. 3:20-cr-00029-SLG, *United States v. Moore*
Order Re Motions to Exclude Expert Witness Testimony
Page 10 of 12
Case 3:20-cr-00029-SLG-MMS   Document 154   Filed 03/21/22   Page 10 of 12

government does not challenge that Mr. Michel is qualified as an expert in digital forensic examination but asserts that "the conclusions in the Forensic Report go well outside this area of expertise and beyond the field of digital forensics."[42] The government seeks to exclude any expert or lay testimony from Mr. Michel regarding his interpretation of the digital conversations, videos, and photographs and his opinions about whether they are related to prostitution.[43]

Mr. Moore responds that "the defense cannot predict the exact nature of its expert's testimony until [after] the government case."[44] He contends that the scope of Mr. Michel's expert testimony will depend on "what conclusions the government witnesses are going to draw from the [the digital] raw data that Mr. Michel may need to rebut."[45] Accordingly, Mr. Moore asks the Court to conduct a *Daubert* hearing after the government's case-in-chief.[46]

The Court will conduct a *Daubert* jury after the government's case-in-chief to determine the appropriate limits on Mr. Michel's testimony in light of the government's theory and evidence at trial. However, the Court notes that Mr. Michel does not appear to be qualified as an expert in child sex trafficking,

---

[42] Docket 132 at 2.

[43] Docket 132 at 3.

[44] Docket 140 at 2.

[45] Docket 140 at 2.

[46] Docket 140 at 3.

Case No. 3:20-cr-00029-SLG, *United States v. Moore*
Order Re Motions to Exclude Expert Witness Testimony
Page 11 of 12
Case 3:20-cr-00029-SLG-MMS   Document 154   Filed 03/21/22   Page 11 of 12

prostitution, or specialized jargon, and the Court intends to restrict this expert's testimony to his area of expertise—digital forensic examination.

In light of the foregoing, IT IS ORDERED that the defense motion at Docket 128 is GRANTED IN PART and DENIED IN PART as discussed herein. IT IS FURTHER ORDERED that the government motion at Docket 132 is DENIED WITHOUT PREJUDICE for the government to renew its objections after a *Daubert* hearing.

DATED this 21st day of March, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:20-cr-00029-SLG, *United States v. Moore*
Order Re Motions to Exclude Expert Witness Testimony
Page 12 of 12
Case 3:20-cr-00029-SLG-MMS   Document 154   Filed 03/21/22   Page 12 of 12