IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>JAYSHON MOORE,<br><br>                Defendant. | Case No. 3:20-cr-00029-SLG |

**ORDER REGARDING MOTION TO ADMIT OTHER ACT EVIDENCE**

Before the Court at Docket 98 is the government's Motion in Limine to Allow Evidence of the Defendant's Prior Bad Acts. Defendant Jayshon Moore filed a response in opposition at Docket 112.

Mr. Moore is charged with Production of Child Pornography (18 U.S.C. § 2251(a), (e)); Possession of Child Pornography (18 U.S.C. § 2252A(a)(5)(B), (b)(2)); and Sex Trafficking of a Minor (18 U.S.C. § 1591(a)(1)).[1] The charges stem from allegations that Mr. Moore initiated a sexual relationship with the alleged

---

[1] Docket 2 (Indictment).

victim when she was 15 years old, took sexual photographs of himself and the alleged victim, and caused the alleged victim to engage in prostitution.

The government seeks to introduce four categories of evidence: (1) evidence that Mr. Moore forced the alleged victim to have an abortion after he got her pregnant when she was a minor and (2) evidence that Mr. Moore provided the alleged victim with methamphetamine and enlisted her to sell methamphetamine.[2] The government asserts that these two categories of evidence are admissible pursuant to Federal Rule of Evidence 404(b). The government also seeks to admit the following: (3) evidence that Mr. Moore tried to recruit another minor to perform commercial sex acts and (4) evidence that Mr. Moore possessed firearms in furtherance of his drug and sex trafficking. The government contends that this evidence is inextricably intertwined with its case-in-chief, and thus is not subject to Rule 404(b).

Rule 404(b) prohibits the use of "[e]vidence of any other crime, wrong, or act" to prove a person's character to "show that on a particular occasion the person acted in accordance with the character" but allows evidence to prove, *inter alia*, intent, knowledge, motive, and absence of mistake.[3] "Such evidence may be admitted if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant

---

[2] Docket 98 at 2.

[3] Fed. R. Evid. 404(b) (as amended 2020, effective Dec. 1, 2020).

Case No. 3:20-cr-00029-SLG, *United States v. Moore*
Order Re Motion to Admit Other Act Evidence
Page 2 of 9
Case 3:20-cr-00029-SLG-MMS   Document 160   Filed 03/22/22   Page 2 of 9

committed the other act; and (4) [in cases where knowledge or intent are at issue,] the act is similar to the offense charged."[4]

If evidence of prior acts is inextricably intertwined with the charged conduct, it is admissible irrespective of Rule 404(b).[5] The inextricably intertwined exception "applies when (1) particular acts of the defendant are part of a single criminal transaction, or when (2) the "other act" evidence is necessary for the government to offer a coherent story of the crime."[6]

## I. Abortion evidence

The government contends that evidence that Mr. Moore required the alleged victim to have an abortion is relevant for several reasons: to show that Mr. Moore knew she was a minor; to show that Mr. Moore had an opportunity to produce child pornography of the minor; to show that he had an intent and plan to conceal his sexual relationship with the minor; to show Mr. Moore's identity as one of the people in the child pornography images; and to show Mr. Moore's lack of mistake or accident about the minor's age and in possessing pornographic images of the minor.[7] The government asserts that the alleged victim's "under-oath testimony is

---

[4] *United States v. Cox*, 963 F.3d 915, 924 (9th Cir. 2020) (quoting *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012)).

[5] *United States v. Lague*, 971 F.3d 1032, 1038, n.5 (9th Cir. 2020) (citing *United States v. Beckman*, 298 F.3d 788, 793 (9th Cir. 2002)).

[6] *Id.* (citing *Beckman*, 298 F.3d at 794).

[7] Docket 98 at 7.

Case No. 3:20-cr-00029-SLG, *United States v. Moore*
Order Re Motion to Admit Other Act Evidence
Page 3 of 9
Case 3:20-cr-00029-SLG-MMS   Document 160   Filed 03/22/22   Page 3 of 9

sufficient evidence" of the forced abortion. Mr. Moore responds that evidence of the pregnancy and abortion "have nothing to do with child pornography or sex trafficking" and that "the government has never provided medical records substantiating a pregnancy or an abortion."[8]

The Ninth Circuit has set a "low threshold test of sufficien[cy]" of Rule 404(b) evidence.[9] The government "need not prove Rule 404(b) evidence by a preponderance of the evidence" but need only lay a factual foundation from which a "jury could reasonably conclude that [the defendant] committed the allegedly-similar bad acts" and that he possessed the requisite intent in committing those bad acts.[10] The uncorroborated statement of a single witness can be sufficient to admit Rule 404(b) evidence.[11]

The Court finds that this evidence is material to the charged conduct because it has a tendency to make a fact of consequence "more or less probable than it would be without the evidence"[12] and finds that the evidence is not too remote in time, as it related to events that purportedly occurred in 2018. The Court also finds that the evidence is admissible pursuant to Rule 404(b) to show intent,

---

[8] Docket 112 at 6.

[9] *Lague*, 971 F.3d at 1040 (citing *United States v. Dhingra*, 371 F.3d 557, 566 (9th Cir. 2004)).

[10] *Id.* (citations omitted).

[11] *Dhingra*, 371 F.3d at 566 ("the testimony of a single witness, as present in this case, satisfies the low-threshold test of sufficient evidence for the purposes of Rule 404(b)").

[12] Fed. R. Evid. 401.

Case No. 3:20-cr-00029-SLG, *United States v. Moore*
Order Re Motion to Admit Other Act Evidence
Page 4 of 9
Case 3:20-cr-00029-SLG-MMS   Document 160   Filed 03/22/22   Page 4 of 9

knowledge, motive, and absence of mistake.[13] The Court also finds that the evidence—testimony from the alleged victim—may be sufficient to allow the jury to reasonably conclude that Mr. Moore committed the acts. The government has satisfied its Rule 404(b) burden.

However, the Court finds that based on the current record before it, the probative value of the evidence is minimal and is substantially outweighed by a danger of unfair prejudice.[14] The government has not indicated to the Court what the alleged victim's testimony will be regarding her purported pregnancy and abortion. The government has not provided any medical or other records to support the claim that the alleged victim was pregnant or that she had an abortion. The government also has not indicated how it intends to show that the pregnancy was caused by Mr. Moore or that Mr. Moore "forced" the alleged victim to have an abortion. Accordingly, at this time the Court will not allow testimony regarding the purported abortion. This portion of the government's motion is DENIED without prejudice to the government seeking to make a showing outside the presence of the jury that the strength of the evidence balanced against its prejudice is such that it should not be excluded pursuant to Rule 403.

---

[13] Fed. R. Evid. 404(b) (as amended 2020, effective Dec. 1, 2020).

[14] Fed. R. Evid. 403.

Case No. 3:20-cr-00029-SLG, *United States v. Moore*
Order Re Motion to Admit Other Act Evidence
Page 5 of 9
Case 3:20-cr-00029-SLG-MMS   Document 160   Filed 03/22/22   Page 5 of 9

## II. Methamphetamine evidence

The government asserts that evidence that Mr. Moore gave the alleged victim methamphetamine to use—primarily to keep her awake to engage in prostitution—and to sell shows Mr. Moore's motive, intent, knowledge, lack of mistake or accident, and opportunity as to what the alleged victim was doing and how he was using her to make money.[15] The government has indicated with some specificity what testimony it expects from the alleged victim regarding Mr. Moore giving her methamphetamine.[16] Mr. Moore responds that "methamphetamine has nothing to do with sex trafficking."[17]

The Court finds that the proposed evidence tends to prove a material point: To prove child sex trafficking as charged in the Indictment, the government must prove that Mr. Moore enticed the alleged victim and that the alleged victim was somehow forced into engaging in a commercial sex act.[18] The Court also finds that this act is not too remote in time, as it appears to have occurred concurrently with the allegations of sex trafficking, and that assuming the alleged victim testifies as indicated, the evidence is sufficient to support a finding that Mr. Moore gave her

---

[15] Docket 98 at 8.

[16] *See* Docket 98 at 7–8. The Court notes that the government has not indicated what testimony is expects to support the claim that Mr. Moore gave the alleged victim methamphetamine to sell.

[17] Docket 112 at 6.

[18] Docket 2 at 3; 18 U.S.C. § 1591(a)(1).

Case No. 3:20-cr-00029-SLG, *United States v. Moore*
Order Re Motion to Admit Other Act Evidence
Page 6 of 9
Case 3:20-cr-00029-SLG-MMS   Document 160   Filed 03/22/22   Page 6 of 9

methamphetamine. Further, evidence that Mr. Moore gave the alleged victim methamphetamine may support a finding of lack of mistake and opportunity.

The Court also finds that the probative value of the proposed methamphetamine evidence is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or presenting unnecessary cumulative evidence.[19]

### III. Recruitment evidence

The government contends that evidence that Mr. Moore asked the alleged victim to recruit another minor, whom Mr. Moore ended up sex trafficking, is inextricably intertwined with the charged conduct.[20] Mr. Moore "concedes that, assuming the normal rules for admissibility and impeachment are followed," the proposed recruitment evidence "may be relevant to the charged conduct" of sex trafficking.[21] In light of the foregoing, the Court finds that this proposed evidence regarding recruitment would appear to be inextricably intertwined with the conduct charged in the indictment, and the motion to admit this evidence will be granted in that respect. But on the current record, the Court does not find that evidence of the success of any such recruitment efforts—to the extent that the government may seek to introduce evidence of other sex trafficking activity that Mr. Moore

---

[19] Fed. R. Evid. 403.

[20] Docket 98 at 8.

[21] Docket 112 at 7.

Case No. 3:20-cr-00029-SLG, *United States v. Moore*
Order Re Motion to Admit Other Act Evidence
Page 7 of 9

undertook involving a different person—is inextricably intertwined with the allegations in this case, and indeed is of relatively low relevance yet highly prejudicial and should be excluded on the current record, without prejudice to the government seeking to revisit this ruling at trial outside the presence of the jury.

## IV. Firearms evidence

The government seeks to introduce evidence that Mr. Moore possessed firearms during the period when he was sex trafficking the alleged victim in order to corroborate the alleged victim's fear of him.[22] The government asserts that Moore's possession of firearms is inextricably intertwined with the sex trafficking.[23] Mr. Moore responds that possession of firearms is irrelevant and highly prejudicial.[24]

The government has only asserted that it has evidence that Mr. Moore possessed firearms during the time period alleged in the Indictment; the government does not clearly indicate whether the alleged victim *knew* Mr. Moore possessed firearms.[25] If the alleged victim did not know Mr. Moore possessed

---

[22] Docket 98 at 9.

[23] Docket 98 at 9.

[24] Docket 112 at 7–8.

[25] *See* Docket 98 at 9 ("V.P. will testify that Moore used force against her during her trafficking, not merely by assaulting her but also by doing things such as forcing her to walk Spenard in very high heels.").

Case No. 3:20-cr-00029-SLG, *United States v. Moore*
Order Re Motion to Admit Other Act Evidence
Page 8 of 9
Case 3:20-cr-00029-SLG-MMS   Document 160   Filed 03/22/22   Page 8 of 9

firearms, then the firearms evidence is not relevant to show that Mr. Moore used force or coercion to make the alleged victim engage in prostitution.

The firearms evidence would be relevant if the alleged victim knew that Mr. Moore possessed the firearms. The Court "may admit the proposed evidence on the condition that the proof be introduced later"[26] and elects to do so here. The government may present evidence of the firearms *if* the government has a good faith belief that evidence will later be admitted showing that the alleged victim knew of the firearms. The Court finds that the possession of firearms may be a particular act that is part of the single criminal transaction of sex trafficking because it may be sufficient to prove the element of force or threat of force or coercion. For the same reason, the probative value of the firearm evidence is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or presenting unnecessary cumulative evidence.[27]

In light of the foregoing, IT IS ORDERED that the motion at Docket 98 is GRANTED IN PART and DENIED IN PART as discussed herein.

DATED this 22nd day of March, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[26] Fed. R. Evid. 104(b).

[27] Fed. R. Evid. 403.

Case No. 3:20-cr-00029-SLG, *United States v. Moore*
Order Re Motion to Admit Other Act Evidence
Page 9 of 9
Case 3:20-cr-00029-SLG-MMS   Document 160   Filed 03/22/22   Page 9 of 9