# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JAYSHON MOORE, <br><br> Defendant. | Case No. 3:20-cr-00029-SLG |

## ORDER REGARDING RULE 29 MOTION

Before the Court at Docket 233 is defendant Jayshon Moore's Motion for Judgment of Acquittal. The government responded in opposition at Docket 236.

At the close of the government's case-in-chief during the trial in this case, Mr. Moore moved for a judgment of acquittal on all counts.[1] Mr. Moore renewed his motion at the close of all evidence.[2] The Court reserved ruling on the motions.[3] The case was submitted to the jury, which returned guilty verdicts against Mr. Moore on all three counts.[4]

---

[1] Docket 217 at 1 (Apr. 12, 2022 Minutes).

[2] Docket 219 at 2 (Apr. 13, 2022 Minutes).

[3] Docket 217 at 1; Docket 219 at 2. *See* Fed. R. Crim. P. 29(b) ("The court may reserve decision on the motion, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict.").

[4] Docket 227 (jury verdict).

Pursuant to Federal Rule of Criminal Procedure 29, the Court must decide the motions for judgments of acquittal "on the basis of the evidence at the time the ruling was reserved."[5] The Court assesses the evidence to determine whether it is sufficient to sustain a conviction.[6] The evidence is sufficient to sustain a conviction if, "viewing the evidence in the light most favorable to the prosecution, 'any rational trier of fact could have found the essential elements of the offenses charged beyond a reasonable doubt.'"[7] The "evidence is insufficient to support a verdict where mere speculation, rather than reasonable inference, supports the government's case."[8]

When viewing the evidence in the light most favorable to the government, a court does not determine witness credibility and does not consider how it would have resolved conflicts in the evidence.[9] "Therefore, in a case involving factual disputes and credibility determinations, we "must presume . . . that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."[10] The Court has reviewed the case law cited by Mr. Moore and by the government relating to knowing possession of child pornography.

---

[5] Fed. R. Crim. P. 29(b).

[6] Fed. R. Crim. P. 29(a).

[7] *United States v. Rosales*, 516 F.3d 749, 751–52 (9th Cir. 2008) (quoting *United States v. Hinton*, 222 F.3d 664, 669 (9th Cir. 2000)).

[8] *United States v. Nevils*, 598 F.3d 1158, 1167 (9th Cir. 2010) (*en banc*).

[9] *United States v. Alarcon-Simi*, 300 F.3d 1172, 1174 (9th Cir. 2002).

[10] *United States v. H.B.*, 695 F.3d 931, 935 (9th Cir. 2012) (quoting *Nevils*, 598 F.3d at 1164)

Case No. 3:20-cr-00029-SLG, *United States v. Moore*
Order Re: Rule 29 Motion
Page 2 of 3
Case 3:20-cr-00029-SLG-MMS   Document 237   Filed 05/09/22   Page 2 of 3

Applying these standards and the relevant caselaw, the Court finds that there was sufficient evidence at trial both after the close of the government's case-in-chief and at the close of Mr. Moore's case-in-chief to support the convictions against Mr. Moore. The Court also specifically finds that there was sufficient evidence after the close of the government's case-in-chief and after the close of Mr. Moore's case-in-chief to support the jury's finding that Mr. Moore knowingly possessed child pornography images (Exhibits 5 and 6).

In light of the foregoing, the Rule 29 motions made on April 12, 2022, and April 13, 2022, and the motion at Docket 233 are DENIED.

IT IS SO ORDERED.

DATED this 9th day of May, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

(ellipsis in *H.B.*).

Case No. 3:20-cr-00029-SLG, *United States v. Moore*
Order Re: Rule 29 Motion
Page 3 of 3
Case 3:20-cr-00029-SLG-MMS   Document 237   Filed 05/09/22   Page 3 of 3